THE PEOPLE *ex rel.* MARY MANLEY agt. JAMES MANLEY.

A motion for a *habeas corpus,* for the purpose of awarding the custody and care of children to one parent, is addressed to the discretion of the court. (2 *R. S.* 148, §§ 1, 3 ; *The People* agt. *Chegaray,* 18 *Wend.* 637.) A full disclosure of all the facts and circumstances in relation to the ability of both parents will be required, before allowing the writ to bring the children into court.

*February Term,* 1846.

MOTION by Mary Manley for a writ of habeas corpus. The

petition of Mary Manley showed that she was the wife of James Manley; she and her husband were living in a state of separation without being divorced; she was married to him many years since; there were two minor children of such marriage living, to wit: Beza Manley, aged 12 years, and John Manley, aged 4 years; her husband left her in the fall of 1843, and took the two children and a maid servant who lived with them, and most of the furniture and property in the house; and from that time she had not seen or directly heard from him; she was informed that her husband was then living with the maid servant as his wife, who had had one child by him; that her two children were living with them, and they received much severe and cruel treatment from the maid servant; that they were exposed to injury from the examples of vice constantly before them, the children desired to return to their mother, and she was exceedingly anxious to have them under her care and provide for their wants, and furnish them with support and education. She, therefore, prayed that the writ of *habeas corpus* provided by statute in such cases might be issued, directing that the children might be brought into this court, that the matters might be examined, and that the care and custody of the children might be awarded to her.

J. A. SPENCER, *counsel.*

O. S. WILLIAMS, *attorney.*

BRONSON, Chief Justice. The motion is addressed to the discretion of the court (2 *R. S.* 148, §§ 1—3; *The People* agt. *Chegaray,* 18 *Wend.* 637); and the case ought to be more fully stated. We ought to know something about the [*62] ability of the mother to provide for the children; *and also about the pecuniary condition of the father. It is quite possible that the father would not be able to obey the writ, by bringing the children into court, should the motion be granted; and it is also possible that the mother could not provide for the maintenance and education of the children, should they be committed to her charge. We must have a more full statement of facts. Motion denied.